UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MITCHELL KEITH GOODRUM,<br><br>     Plaintiff<br><br>v.<br><br>CITY OF FALLON, NEW RIVER TOWNSHIP, FALLON POLICE DEPARTMENT, DETECTIVE DANIEL SHYNE,<br><br>     Defendants | Case No.: 3:20-cv-00539-MMD-WGC<br><br>**Report & Recommendation of United States Magistrate Judge**<br><br>Re: ECF Nos. 1-1, 3, 4 |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff, who is an inmate incarcerated within the Nevada Department of Corrections (NDOC), has filed an application to proceed in forma pauperis (IFP) (ECF No. 3) and pro se complaint (ECF No. 1-1), and a motion for appointment of counsel (ECF No. 4). For the reasons set forth below, the IFP application should be granted and Plaintiff should be required to pay the filing fee over time; the complaint should be dismissed without prejudice, and the case administratively closed; and the motion for appointment of counsel should be denied as moot.

## I. IFP APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

An inmate submitting an application to proceed IFP must also "submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months prior to the date of submission of the application." LSR 1-2; *see also* 28 U.S.C. § 1915(a)(2). If the inmate has been at the institution for less than six months, "the certificate must show the account's activity for this shortened period." LSR 1-2.

If a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). The court will assess and collect (when funds exist) an initial partial filing fee that is calculated as 20 percent of the greater of the average monthly deposits or the average monthly balance for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)-(B). After the initial partial filing fee is paid, the prisoner is required to make monthly payments equal to 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency that has custody of the prisoner will forward payments from the prisoner's account to the court clerk each time the account exceeds $10 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

Plaintiff's certified account statement indicates that his average monthly balance for the last six months was $0.03, and his average monthly deposits were $0.03.

Plaintiff's application to proceed IFP should be granted. His average balance is only $0.03; therefore, he should not be required to pay an initial partial filing fee; however, whenever his prison account exceeds $10, he must make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the $350 filing fee is paid.

## II. SCREENING

### A. Standard

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a

complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff sues defendants Detective Daniel Shyne, Fallon Police Department, the City of Fallon and New River Township. He alleges that in March of 2017, he was involved in an

altercation with two men at the Overland Casino and Bar, where both of the other men suffered injuries, and one later died from his injuries. He was charged, tried and convicted of pre-meditated first degree murder, attempted murder and other lesser related charges. He was sentenced to life without parole.

Plaintiff claims that Detective Shyne suppressed key witness testimony, conspired with a security employee to falsely claim that the time on the security cameras was incorrect, concealed relevant video footage, conspired to secure a "premeditated" verdict, conspired to tamper with witness testimony, did not allow the full disclosure of key evidence and Mirandized Plaintiff while he was intoxicated. He asserts that all resulted in an unfair trial. Plaintiff alleges that the City of Fallon is responsible for ensuring the integrity of its laws and rules, including compliance by its police officers, and should be held responsible for Shyne's actions. He avers that the Fallon Police Department knew or should have known that Shyne violated Plaintiff's rights and is responsible for Shyne's actions. Finally, Plaintiff claims that New River Township is required to pay if the City of Fallon and its police department are sued. In his request for relief, he asks that all convictions be reversed and that he be released from prison.

**C. Analysis**

Plaintiff's complaint explicitly seeks the reversal of his conviction and his release from prison. The Supreme Court held in *Heck v. Humphrey*, 512 U.S. 477 (1994), that to recover damages for an allegedly unconstitutional conviction or imprisonment or other harm that "would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal … or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck*, 512 U.S. at 486-87. "[A] § 1983cause of action for damages attributable to an

unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Id*. at 489-90.

The Supreme Court has likewise held that a fabrication of evidence claim, as alleged here, does not accrue "until the criminal proceedings against the defendant (i.e., the § 1983 plaintiff) have terminated in his favor." *McDonough v. Smith*, 139 S.Ct. 2149, 2153, 2158 (2019). This serves the purpose of avoiding "collateral attacks on criminal judgments through civil litigation." *Id*. at 2157.

Therefore, this action should be dismissed. The dismissal should be without prejudice so that Plaintiff can raise the claims in the event his criminal proceeding is overturned or otherwise terminates in his favor, and the case should be administratively closed. Until Plaintiff is successful in having the criminal proceeding overturned or it otherwise terminates in his favor, he must raise such arguments in a direct criminal appeal and then in post-conviction habeas petitions.

As a result of this conclusion, Plaintiff's motion for appointment of counsel (ECF No. 4) should be denied as moot.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) **GRANTING** Plaintiff's IFP application (ECF No. 3). Plaintiff should not be required to pay an initial partial filing fee; however, whenever his prison account exceeds $10, he should be required to make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the full $350 filing fee is paid. This is required even if the action is dismissed, or is otherwise unsuccessful. The Clerk should be directed to **SEND** a copy of an order adopting and accepting this Report and

Recommendation to the attention of **Chief of Inmate Services for the Nevada Department of Corrections**, P.O. Box 7011, Carson City, Nevada 89702.

(2) The complaint (ECF No. 1-1) should be **FILED**.

(3) The action should be **DISMISSED WITHOUT PREJUDICE**, and the case administratively closed.

(4) Plaintiff's motion for appointment of counsel (ECF No. 4) should be **DENIED AS MOOT**.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: April 7, 2021

                                                       William G. Cobb
                                                       United States Magistrate Judge